# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among the following Settling Parties (as defined below) Robert Day ( "Plaintiff") and ESO Solutions, Inc. ("ESO" or "Defendant") (together with Plaintiff, the "Parties" or "Settling Parties"). The Settlement Agreement is subject to Court approval and intended by the Settling Parties to resolve, discharge, and settle the Released Claims (as defined below) and this Litigation (as defined below), upon and subject to the terms and conditions set forth below.

## I.    PROCEDURAL BACKGROUND

The case arises from the alleged compromise of Private Information (as defined below) of Plaintiff and Settlement Class Members (as defined below) as a result of the Data Incident (as defined below). In response to the Data Incident, Defendant sent a Notice Letter (as defined below) informing affected individuals that their Private Information may have been compromised.

Due to the Data Incident, six separate putative class action lawsuits were filed. These cases were consolidated on January 10, 2024, and a consolidated complaint was filed on February 9, 2024 (the "Consolidated Complaint"). The causes of action alleged include (1) negligence, (2) negligence *per se*, (3) breach of third-party beneficiary contract, (4) unjust enrichment, (5) declaratory judgment and injunctive relief, (6) violation of the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201, *et seq*.), (7) violation of the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. Ann. § 75-1.1, *et seq*.), and (8) violation of the New York Deceptive Trade Practices Act (New York Gen. Bus. Law § 349)

The Consolidated Complaint, alleged individually and on behalf of a putative Class (as defined below) that, as a direct result of the Data Incident, the Class Members suffered numerous injuries and would likely suffer additional harm in the future. Claims for alleged damages included

39833534.1:11713-0008                                1

the following categories of harms: (i) invasion of privacy, (ii) theft of their Private Information, (iii) lost or diminished value of their Private Information, (iv) lost time, opportunity costs, and out-of-pocket expenses associated with attempting to mitigate the actual consequences of the Data Incident, (v) loss of benefit of the bargain, (vi) experiencing an increase in spam calls, texts, and/or emails, (vii) anxiety and emotional distress, (viii) experiencing fraud and identity theft, (ix) statutory damages, (x) nominal damages, and (xi) the continued and certainly increased risk to their Private Information.

On March 28, 2024, ESO filed a motion to dismiss the Consolidated Complaint. On July 30, 2024, the Honorable Robert Pitman granted in part and denied in part ESO's motion to dismiss. Beginning in November 2024, recognizing the risk and expense of prolonged litigation, the Parties agreed to pursue informal discovery and settlement negotiations. After Defendant produced informal discovery to allow Class Counsel to understand the scope and mechanism of the Data Incident, the Parties engaged in arm's-length settlement negotiations over the course of several months. On May 8, 2025, the Parties attended mediation with the Honorable David E. Jones (ret.) of Resolute Systems, LLC and reached a settlement in principle. Subsequently, five plaintiffs entered into individual settlements and were dismissed from the Consolidated Complaint. Accordingly, pursuant to the terms identified below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Defendant and the Released Persons (as defined below) relating to the Data Incident and this Litigation, by and on behalf of Plaintiff and Class Members.

## II.    PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLING

Plaintiff and Proposed Class Counsel (as defined below) believe the claims asserted in the Litigation, as set forth in their consolidated complaint, have merit. Plaintiff and Proposed Class

2

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation through motion practice, discovery, class certification, trial, and potential appeals. Plaintiff and Proposed Class Counsel have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Proposed Class Counsel are highly experienced in class action litigation and, in particular, data breach and privacy litigation, and have previously served as lead counsel in other data breach class actions through final approval. Plaintiff and Proposed Class Counsel have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class Members.

## III.    DENIAL OF WRONGDOING AND LIABILITY

Defendant denies each and all of the claims and contentions alleged against it in the consolidated complaint. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged. Nonetheless, Defendant has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Defendant has also considered the uncertainty and risks inherent in any litigation. Defendant has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, individually and on behalf of the Class Members, Proposed Class Counsel, as set forth in the signature block below, and Defendant that, subject to the approval of the Court, the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

dismissed with prejudice as to the Settling Parties and the Class Members, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

**1.      Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1      "Administration Fees" shall mean the fees, costs, and other expenses incurred for Settlement Administration (as defined below).

1.2      "Agreement" or "Settlement Agreement" means this agreement.

1.3      "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA").

1.4      "Claim" means a claim for Settlement Benefits (as defined below) made under the terms of this Settlement Agreement.

1.5      "Claim Form" means the form that will be used by Class Members to submit a Claim to the Settlement Administrator and that is substantially in the form as shown in **Exhibit A** to this Settlement Agreement.

1.6      "Claims Deadline" means the postmark and/or online submission deadline for Claims, which shall be 90 days after the Notice Date (as defined below). The Claims Deadline shall clearly be set forth in the Preliminary Approval Order (as defined below), as well as in the Notice (as defined below) and on the Claim Form.

1.7      "Class" means all Persons (as defined below) who received a Notice Letter from ESO and were residents of Texas at the time ESO distributed the Notice Letter. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this Settlement; and (iii) any other Person found by

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.8    "Class Member(s)" means any Person or Persons who fall within the definition of the Class.

1.9    "Court" means the United States District Court for the Western District of Texas.

1.10    "Cy Pres Designee" means an entity mutually agreed upon by the Parties and submitted to the Court in a subsequent filing who may receive unclaimed residual funds, as set forth in ¶ 8.5, subject to approval by the Court.

1.11    "Data Incident" means the cyberattack Defendant experienced on or about September 28, 2023, that involved an unauthorized third-party accessing Defendant's network and computer systems and potentially accessing the Private Information of Plaintiff and the Class Members.

1.12    "Dispute Resolution" means the process for resolving disputed Claims as set forth in this Agreement.

1.13    "Effective Date" shall mean the date when the Settlement Agreement becomes Final (as defined below). The Effective Date is the first date by which all of the events and conditions specified in ¶ 1.15 and ¶ 10.1 have occurred and been met.

1.14    "Escrow Account" means the interest-bearing account opened by the Settlement Administrator.  All accrued interest shall inure to the benefit of the Settlement Class.

1.15    "Final" means the occurrence of all of the following events: (i) the Settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as defined below); and (iii) the time to appeal or seek permission to appeal from the

5

Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the Court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or Service Awards (as defined below) made in this case shall not affect whether the Judgment is "Final" or any other aspect of the Judgment.

1.16    "Final Approval Order" is the order through which the Court grants final approval of class action settlement and finds that this Settlement is fair, reasonable, and adequate.

1.17    "Judgment" means a judgment rendered by the Court.

1.18    "Litigation" means this consolidated case, *In Re ESO Solutions, Inc. Breach Litigation,* Case No. 1:23-cv-01557-RP, pending in the United States District Court for the Western District of Texas.

1.19    "Long Notice" means the long form Notice of Settlement to be posted on the Settlement Website (as defined below), substantially in the form as shown in **Exhibit B** to this Settlement Agreement.

1.20    "Notice" means the written notice to be sent to the Class Members pursuant to the Preliminary Approval Order.

1.21    "Notice Date" means the date that Notice will be sent to Class Members. The Notice Date shall be 30 days after the entry of the Preliminary Approval Order.

1.22    "Notice Letter" means the notice ESO provided to Persons informing them that their Private Information may have been or was accessed, stolen, or compromised as a result of the Data Incident.

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

1.23    "Objection Date" means the date by which Class Members must file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and counsel for Defendant their objection to the Settlement for that objection to be effective and timely.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Objection Date shall be 60 days after the Notice Date.

1.24    "Opt-Out Date" means the date by which Class Members must mail to the Settlement Administrator their requests to be excluded from the Class for that request to be effective and timely.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Opt-Out Date shall be 60 days after the Notice Date.

1.25    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.26    "Plaintiff" and/or "Class Representative" means Robert Day.

1.27    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that Notice be provided to the Class. The Settling Parties' proposed form of Preliminary Approval Order is attached to this Settlement Agreement as **Exhibit C**.

1.28    "PII" or "Private Information" means personal identifying information, including, but not limited to, name, phone number, address, Social Security number, patient account number, medical record number, insurance information, payer information, diagnosis information, injury information, and medical treatment information.

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

1.29    "Proposed Class Counsel" and "Class Counsel" means Bryan L. Bleichner of Chestnut Cambronne PA, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Bruce W. Steckler of Steckler Wayne & Love, PLLC.

1.30    "Related Entities" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.31    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality and all similar statutes in effect in any states in the United States (as defined below) (including, but not limited to, 15 U.S.C. § 45, *et seq.*, 45 C.F.R. § 160, *et seq.*, and 42 U.S.C. § 17921); state consumer-protection statutes (including, but not limited to, Fla. Stat. § 501.201, *et seq.*,  N.C. Gen. Stat. Ann. § 75-1.1, *et seq.*, New York Gen. Bus. Law § 349); negligence; negligence *per se*; breach of third-party beneficiary contract; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute

8

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall include Unknown Claims (as defined below). Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of this Settlement Agreement, or the claims of any Person who has timely excluded themselves from the Class.

1.32    "Released Persons" means Defendant and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers.

1.33    "Service Award" shall have the meaning ascribed to it as set forth in ¶ 7.3 of this Settlement Agreement. The Service Award requested in this matter will be $2,500.00 to Class Representative, subject to Court approval and will be in addition to any other Settlement Benefits Class Representative may receive. The Service Awards shall be paid from the Settlement Fund.

1.34    "Settlement Administration" means the processing and payment of Claims received from Class Members by the Settlement Administrator.

9

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

1.35    "Settlement Administration Costs" means all actual costs associated with or arising from Settlement Administration, including specifically costs of preparation and issuance of the CAFA Notice and Administration Fees.

1.36    "Settlement Administrator" means Kroll Settlement Administration LLC ("Kroll"), a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation.

1.37    "Settlement Fund" means a non-reversionary common fund to be funded by Defendant's insurance carrier in the amount of seven hundred fifty seven thousand five hundred dollars ($757,500.00), which shall be deposited into the Escrow Account within thirty (30) business days of the Preliminary Approval Order.

1.38    "Settling Parties" means, collectively, Defendant and Plaintiff, individually and on behalf of the Class and all Released Persons.

1.39    "Short Notice" means the short notice of the proposed Settlement, substantially in the form as shown in **Exhibit D** to this Settlement Agreement. The Short Notice will direct recipients to the Settlement Website where recipients may view, *inter alia*, the Long Notice and make a Claim for monetary relief.  The Short Notice will also inform Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date, and the date of the Final Fairness Hearing (as defined below). The Short Notice shall also contain a "tear-off claim form" with Business Reply Mail (BRM) postage, which Settlement Class Members may use to claim a pro rata cash payment.

1.40    "Settlement Website" shall be the website which the Settlement Administrator will establish and will contain detailed information about this Litigation.

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

1.41    "United States" as used in this Settlement Agreement means the United States of America and includes all of its States, the District of Columbia, and all territories.

1.42    "Unknown Claims" means any of the Released Claims that any Class Member, including any Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiff intends to and expressly shall have, and each of the other Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law (including the common law) of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602, North Dakota Cent. Code § 9-13-02, and South Dakota Codified Laws § 20-7-11) that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Class Members, including Plaintiff, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff expressly shall have, and each other Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Unknown Claims.  The Settling Parties acknowledge, and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.43    "Valid Claims" means Claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

**2.        Settlement Benefits**

Claimed Benefits:  All Class Members shall have the opportunity to submit a Claim Form for certain claimed benefits either through the Settlement Website or by hand to a designated Post Office box established by the Settlement Administrator. Any valid claims may be subject to *pro rata* increase or decrease depending on the aggregated amount of payments to Valid Claims.  The claimed benefits, as described below, shall include reimbursement for out-of-pocket losses and *pro rata* cash payments (the "Settlement Benefits"),  which shall be taken from the Settlement Fund.

A.        Reimbursement for Out-of-Pocket Losses: All Class Members who submit a Valid Claim are eligible to receive reimbursement for documented out-of-pocket losses, if fairly traceable to the Data Incident, up to $5,000 per individual ("Out-of-Pocket Loss Cap"), which shall be paid out of the Settlement Fund.

i.        "Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Class Member in responding to notice of the Data Incident. Out-of-Pocket Losses may include, without limitation, the following: (1) costs incurred on or after September 28, 2023, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage,

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

copying, mileage, and long-distance telephone charges; (3) credit monitoring or other mitigative costs that were incurred on or after September 28, 2023 through the date of the Class Member's Claim submission.

ii.      Class Members who elect to submit a Claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the Claim, including: (1) the Class Member's name and current address; (2) documentation supporting their Claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) a verification, stating that the Claim is true and correct to the best of the Class Member's knowledge and belief. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

iii.      Out-of-Pocket Losses will be deemed "fairly traceable" to the Data Incident for purposes of this paragraph if the timing of the loss occurred on or after September 28, 2023.

iv.      Class Members may submit multiple Claims for Out-of-Pocket Losses and the total of all amounts recovered for Out-of-Pocket Losses is subject to the $5,000 Out-of-Pocket Loss Cap.

B.      Pro Rata Cash Payments. Class Members may, in addition to making a Claim for reimbursement of Out-of-Pocket Losses, elect to receive a cash payment the amount of which will be determined *pro rata* to exhaust the Settlement Fund following the payment of any Attorneys' fees, litigation expense reimbursements, service awards, settlement administration costs, as well as all Valid Claims for Out-of-Pocket loss reimbursements.

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

C.    Business Practices Changes & Confirmatory Discovery.

Defendant has implemented substantial business practice changes designed to improve its data security and has agreed to provide Class Counsel with a confidential declaration detailing these changes, so that any data security improvements are not made publicly available. In 2023 and 2024 the cost of the Defendant's data security related business practices was approximately $6,584,433, and Defendant anticipates spending another $8,321,404 in additional changes in 2025 and 2026 for its data security related business practices.

2.1    Dispute Resolution for Claims.    The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support Claims for Out-of-Pocket Loss; (3) the information submitted could lead a reasonable person to conclude that it is more likely than not the claimant has suffered the claimed losses as a result of the Data Incident; and (4) the claimant timely submitted their Claim Form.    The Settlement Administrator may, at any time, request from the claimant, in writing, additional information that the Settlement Administrator deems reasonably necessary to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed losses, and Claims previously made for identity theft and the resolution thereof. For any such Claims that the Settlement Administrator determines to be invalid, the Settlement Administrator will submit those claims to the Settling Parties, by and through their respective Counsel. If, upon meeting and conferring, the Settling Parties disagree as to the Claim validity, then the Claim shall be referred back to the Settlement Administrator for final determination on the Claim validity.

14

2.2.1    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the Claim is facially valid, the Settlement Administrator shall request additional information and allow the claimant 14 days from the date of the request to cure the defect.  If the defect is not cured within the time allotted, then the Claim for document losses will be deemed invalid. If a Claimant makes a claim for documented losses that is found to be invalid for lack of documentation, but fails to claim a *pro rata* cash payment, that Claimant shall be deemed to have made a valid claim for a *pro rata* cash payment.

2.2.2    Following timely receipt of additional information pursuant to a request by the Settlement Administrator under ¶ 2.2.1, the Settlement Administrator shall have ten (10) days to accept or reject the Claim. If, after review of the Claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a Claim is a Valid Claim, then the Claim shall be paid.  If the Claim is not valid because the claimant has not provided the information requested by the Settlement Administrator, then the Settlement Administrator may reject the Claim without any further action. A defect in one Claim shall not cause rejection of any other Valid Claim submitted by the claimant.

2.2.3    Class Members shall have ten (10) days from receipt of the approval of a Claim that provides a payment that deviates from the documented losses described on the Claim Form to accept or reject the Claim.  This provision does not apply where the Claim payment deviates due to a *pro rata* increase or decrease.

2.3    <u>Settlement Expenses</u>. All costs for Notice to the Class Members as required under ¶¶ 1.19, 1.20, 1.21, 1.32, 1.39, and 3.2, Administration Fees under ¶ 1.1, Settlement Administration Costs under ¶ 1.35, and the costs of Dispute Resolution described in ¶ 2.1, shall be paid out of the Settlement Fund.

15

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

2.4    <u>Class Certification</u>.  The Settling Parties agree, for purposes of this Settlement only, to the certification of the Class.  If the Settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of the Settlement Agreement, this Settlement Agreement and the certification of the Class provided for herein, will be vacated and the Litigation shall proceed as though the Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3.    Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement, Proposed Class Counsel and counsel for Defendant shall jointly submit this Settlement Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form substantially similar to **Exhibit C** in both terms and cost, requesting, *inter alia:*

a)    certification of the Class for Settlement purposes only pursuant to ¶ 2.4;

b)    preliminary approval of the Settlement Agreement as set forth herein;

c)    the scheduling of a Final Fairness Hearing;

d)    appointment of Proposed Class Counsel as Class Counsel;

e)    appointment of Robert Day as Class Representative;

f)    approval of the Short Notice to be mailed to Class Members in a form substantially similar to the one attached as **Exhibit D** to this Settlement Agreement;

16

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

g) approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit B** to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the Parties' respective Litigation positions, statements that the Settlement and Notice of Settlement are legitimate and that the Class Members are entitled to benefits under the Settlement, the general terms of the Settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the Settlement, instructions for how to obtain the Settlement Benefits, the process and instructions for making Claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

h) approval of a Claim Form to be used by Class Members to make a Claim in a form substantially similar to the one attached as **Exhibit A** to this Settlement Agreement; and

i) appointment of Kroll as the Settlement Administrator.

The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Settling Parties before submission to the Court for approval. Immaterial revisions to these documents may also be made prior to dissemination of Notice.  Any changes to the Preliminary Approval Order, Short Notice, Long Notice, and Claim Form that do not materially affect the substance of the Settlement Agreement that the Court may require will not invalidate this Settlement Agreement.

3.2 Costs for providing Notice to the Class in accordance with the Preliminary Approval Order, and the costs of such Notice, together with the Administration Fees and

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Settlement Administration Costs, shall be paid from the Settlement Fund. Attorneys' fees, costs, and expenses of Proposed Class Counsel, and a Service Award to Class Representative, as approved by the Court, shall also be paid from the Settlement Fund. Notice shall be provided to Class Members by the Settlement Administrator as follows:

a) *Class Member Information*: No later than twenty one (21) days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the names, emails, and/or mailing addresses of Class Members, to the extent that such information was contained in the original list used by Defendant to notice about the Data Incident (collectively, "Class Member Information").

b) Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. Except to administer the Settlement as provided in this Settlement Agreement or provide all data and information in its possession to the Settling Parties upon request, the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c) *Settlement Website*: Prior to the dissemination of the Notice, the Settlement Administrator shall establish the Settlement Website that will inform Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format and available for download, the

18

following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Settlement Agreement; and (v) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically and shall have a "Contact Us" page whereby Class Members can send an email with any additional questions to a dedicated email address and send hardcopy documents to a designated Post Office box established by the Settlement Administrator.

d)   *Short Notice:* On the Notice Date, and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator shall provide Notice to the Class through any one of the following means:

- Via mail to the Class Member's postal address that Defendant provided to the Settlement Administrator. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

- in the event that a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address,

19

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

the Settlement Administrator shall re-send the Short Notice to the forwarding address if the Short Notice is returned as undeliverable;

- in the event that subsequent to the first mailing of a Short Notice, and at least 14 days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the Class Member's current address and, if such an address is ascertained, the Settlement Administrator will re-send the Short Notice within 7 days of receiving such information. This shall be the final requirement for mailing.

e)   Publishing, on or before the Notice Date, the Claim Form, Long Notice, and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the Claim period;

f)   A toll-free help line with an interactive voice response ("IVR") system and a live operator option shall be made available to provide Class Members with additional information about the Settlement. The Settlement Administrator also will provide copies of the Long Notice and paper Claim Form, as well as this Settlement Agreement, upon request; and

20

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

g)      Contemporaneously with seeking final approval of the Settlement, Proposed Class Counsel and Defendant shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding Notice.

3.3     The Short Notice, Long Notice, and other applicable communications to the Class may be adjusted by the Settlement Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval.

3.4     Proposed Class Counsel and Defendant's counsel shall request that after Notice to the Class, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the Settlement set forth herein, and request that the Final Fairness Hearing occur on a date that is convenient for the Court and is at least 120 days after the entry of the Preliminary Approval Order.

**4.      Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator.  The written notice must clearly manifest the Person's intent to opt-out of the Class. To be effective, written notice must be postmarked no later than the Opt-Out Date.

4.2     All Persons who submit valid and timely notices of their intent to opt-out of the Class (hereinafter, "Opt-Outs"), as set forth in ¶ 4.1 above, shall not receive any benefits of and shall not be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Class who do not opt-out of the Class in the manner set forth in this Agreement shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

21

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

4.3     Within seven (7) days after the Opt-Out Date, the Settlement Administrator shall furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

4.4     If the total number of Opt-Outs constitute 2% or more of the Class, Defendant may, by notifying Proposed Class Counsel in writing, void this Settlement Agreement in its entirety. Defendant shall have five (5) days after the Settlement Administrator provides the Opt-Out List to the Parties to exercise this right to void the Settlement Agreement.

**5.      Objection Procedures**

5.1     Each Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of their objection by the Objection Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) the case name and docket number; (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (*e.g.*, copy of the objector's Settlement Notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.  To be timely, written notice of an objection in the appropriate form must be: (1) mailed, with a postmark date no later than the Objection Date, to Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, as Class Counsel; and Christopher J. Seusing of Wood Smith Henning & Berman, LLP, as counsel for

22

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Defendant; and (2) filed with the Court through the Court's ECF system or submitted to the Clerk of the Court for the U.S. District Court for the Western District of Texas, no later than the Objection Date. For all objections mailed to Class Counsel and counsel for Defendant, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement, unless the Objection(s) were previously filed on the docket.

5.2     Any Class Member who fails to comply with the requirements for objecting set forth herein shall waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and Judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of this Settlement Agreement. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.     Release**

6.1     Upon the Effective Date, each Class Member who did not Opt-Out of the Settlement, including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Persons. Further, upon the Effective Date, and to the fullest extent permitted by law, each Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided herein) in which any of the

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Released Claims is asserted. Any other claims or defenses Plaintiff and each and all of the Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

**7.    Plaintiff's Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Plaintiff**

7.1    The Settling Parties did not discuss the payment of Attorneys' Fees, Costs, and Expenses and/or a Service Award to Class Representative, until after the substantive terms of the Settlement had been agreed upon, other than that reasonable Attorneys' Fees, Costs, and Expenses and Service Awards to Plaintiff as may be agreed to by Defendant and Class Counsel and/or as ordered by the Court, shall be paid from the Settlement Fund.

7.2    Plaintiff and Class Counsel shall move for, and Defendant agrees not to object to, an award of attorneys' fees at or below one-third (33.33%) of the Settlement Fund, or approximately $252,475.00, plus the reasonable litigation expenses actually incurred. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Class Counsel. Payment of any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund within seven (7) days after the Effective Date.

7.3    Subject to Court approval, Class Representative intends to request a Service Award in the amount of $2,500.00  as a result of his time and efforts expended on behalf of the Class.  Payment of any Service awards that are Court approved shall be paid from the Settlement Fund within seven (7) days after the Effective Date.

7.4    No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any Attorneys' Fees, Costs, and Expenses and/or Service

24

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Awards ordered by the Court to Class Counsel or Class Representative shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

**8.    Settlement Fund**

8.1    Deposits.  Defendant agrees to make a payment of, and deposit that payment into, the Settlement Fund as follows: Defendant shall pay the full balance of the Settlement Fund into the interest-bearing Escrow Account within thirty (30) business days after the Court's entry of the Preliminary Approval Order. Settlement Administrator shall use this balance to pay for Settlement Administration Costs. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed $757,500.00.

8.2    Custody of the Settlement Fund.  The Settlement Fund shall be deposited into an appropriate trust established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to the Settlement Agreement or returned to Defendant in the event this Settlement Agreement is voided, terminated, or cancelled.

8.3    Treasury Regulations and Fund Investment. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund ("QSF") within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check-clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

8.4    Taxes. All taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered a Settlement Administration Cost, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to any tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, they, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

8.5    To the extent any monies remain in the Settlement Fund following payment of all Settlement Administrative Costs, Attorneys' Fees, Costs, and Expenses, Service Awards, and Settlement Benefits, at the expiration of all monetary payments distributed to Settlement Class Members, a "Subsequent Settlement Payment" shall be distributed to the Cy Pres Designee.

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

## 9.    Administration of Claims

9.1    The Settlement Administrator shall administer and calculate the Claims submitted by Class Members.  Class Counsel and Defendant shall be given reports as to both Claims and distributions and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.  The Settlement Administrator's final determination of whether a Claim is a Valid Claim shall be binding, subject to the Dispute Resolution process.

9.2    Payment of Valid Claims shall be made within 30 days after the Effective Date. No Valid Claims shall be paid until after the Effective Date. If this Settlement Agreement is terminated or otherwise does not become final (*e.g.*, disapproval by the Court or any appellate court) prior to the payment of Valid Claims, Defendant shall have no obligation to pay such Claims.

9.3    All Class Members who fail to timely submit a Valid Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

9.4    No Person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, Plaintiff, and/or Defendant's counsel based on distributions of benefits to Class Members.

## 10.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

10.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

27

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

(a) the Court has entered the Preliminary Approval Order;

(b) Defendant has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.4;

(c) the Court has entered the Judgment granting final approval to the Settlement and certification of the Class as set forth herein; and

(d) the Judgment has become Final, as defined in ¶ 1.15.

10.2    If all conditions specified in ¶¶ 10.1 and 1.15 are not satisfied, the Settlement Agreement shall be canceled and terminated unless Class Counsel and Defendant's counsel mutually agree in writing to proceed with the Settlement Agreement.

10.3    In the event that the Settlement Agreement including the releases are not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of Attorneys' Fees, Costs, and Expenses and/or Service Awards shall constitute grounds for cancellation or termination of the Settlement Agreement.

**11.    Representation and Warranties**

28

11.1     Class Counsel agrees and hereby represents and warrants, on behalf of themselves and all others acting on their behalf, that (i) they have not filed any lawsuit and have not asserted any claim against the Released Persons other than as asserted in the Litigation; and (ii) they do not presently represent any other potential claimants or clients intending to assert any type of individual, collective or class claims against the Released Persons, including claims released herein with respect to the Data Incident, and claims similar to those asserted in the Litigation. This representation and warranty shall not in any way be interpreted or enforced as a restriction on the right of Class Counsel to practice law within the meaning of Texas Rule of Professional Conduct 5.6, ABA Model Rule of Professional Conduct 5.6 or the equivalent to ABA Model Rule of Professional Conduct Rule 5.6 in any jurisdiction(s) in which Class Counsel may practice or whose ethics rules may otherwise apply.

11.2     Class Counsel agrees and hereby represents and warrants, on behalf of themselves and all others acting on their behalf, that they have not discussed the Litigation, the allegations therein, and/or the Data Incident with any party other than the Parties to this Agreement

**12.     Miscellaneous Provisions**

12.1     The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

12.2     In the event that the aggregated amount of payments of all Valid Claims (*i.e.*, Out-of-Pocket Loss Claims and Pro Rata Cash Payment Claims) exceeds the total amount of the Settlement Fund, then the value of the payments to be paid to each Class Member making a Valid Claim shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for all

29

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Valid Claims does not exceed the Settlement Fund (after payment of all Settlement Administration Costs, Attorneys' Fees, and Service Awards). All *pro rata* reduction determinations shall be made by the Settlement Administrator.

12.3     The Settling Parties intend this Settlement to be a final and complete resolution of all claims and disputes between them with respect to the Data Incident and this Litigation. The Settlement compromises claims, including but not limited to all Released Claims, that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the Settlement was negotiated in good faith by the Settling Parties and reflects a Settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

12.4     Neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them to support a defense or counterclaim based on principles of *res judicata*, collateral

30

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.5    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

12.6    The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated into and made a part of the Agreement.

12.7    This Settlement Agreement, including all exhibits hereto, constitutes the entire agreement among the Parties hereto, and no representations, warranties, or inducements have been made to any Party concerning the Settlement Agreement other than the representations, warranties, and covenants contained and memorialized herein. Except as otherwise provided herein, each Party shall bear its own costs. This Settlement Agreement supersedes all previous agreements made between the Parties.

12.8    Class Counsel, on behalf of the Class, and Defendant's counsel, on behalf of Defendant, are expressly authorized to take all appropriate actions required or permitted to be taken by the Parties pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Parties which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Parties.

12.9    Each counsel or other Person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

12.10    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

31

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

12.11    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

12.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Settlement Agreement. The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

12.13    As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, them, or it."

12.14    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the Parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas.

12.15    All dollar amounts are in United States dollars (USD).

12.16    If a Class Member opts to receive Settlement Benefits via mailed check, cashing the Settlement check is a condition precedent to any Class Member's right to receive Settlement Benefits. All Settlement checks shall be void 90 days after issuance and shall bear the language:

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

"This check must be cashed within 90 days, after which time it is void." If a check becomes void, the Class Member shall have until six (6) months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Class Member will have failed to meet a condition precedent to recovery of Settlement Benefits, the Class Member's right to receive monetary relief shall be extinguished, and there shall be no obligation to make payments to the Class Member for expense reimbursement or any other type of monetary relief. The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than 180 days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

12.17    The Settlement Website shall be deactivated 180 days after the Effective Date.

12.18    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

33

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

Defendant:

By: _____Robert Munden_____          Date: _____September 25, 2025_____
Its: Chief Legal & Compliance Officer


By: _____          Date: _____October 3, 2025_____
Christopher J. Seusing
Wood Smith Henning & Berman, LLP

*Counsel for Defendant*


By: _____Bryan L. Bleichner_____          Date: _____October 31, 2025_____
Bryan L. Bleicher
Chestnut Cambronne PA


By: _____Gary M. Klinger_____          Date: _____October 7, 2025_____
Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman, PLLC


By: _____John A. Yanchunis_____          Date: _____October 31, 2025_____
John A. Yanchunis
Morgan & Morgan Complex Litigation Group


By: _____Bruce W. Steckler_____          Date: _____October 31, 2025_____
Bruce W. Steckler
Steckler Wayne & Love, PLLC

*Counsel for Plaintiff and the Settlement Class*


Plaintiff:

_____Robert Day_____          Date: _____10 / 15 / 2025_____
Robert Day

34

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

# EXHIBIT A

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

| Your Claim must be submitted online or <u>postmarked by</u>: <mark><<Claims Deadline>></mark> | **CLAIM FORM FOR ESO DATA INCIDENT LITIGATION**<br><br>*In Re ESO Solutions, Inc. Breach Litigation*<br>Case No. 1:23-cv-01557-RP<br>United States District Court for the Western District of Texas | **ESO-C** |

### GENERAL INSTRUCTIONS

You are a Settlement Class Member if you are a Person who received a Notice Letter from ESO and were a resident of Texas at the time ESO distributed the Notice Letter, outlined below.

Please refer to the Long Notice posted on the Settlement Website <mark>**www.Website.com**</mark>, for more information on submitting a Claim Form and if you part of the Class.

<u>**To receive a Settlement Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at**</u> <mark><u>**www.Website.com**</u></mark> <u>**by**</u> <mark><u>**<<Claims Deadline>>.**</u></mark>

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

<mark><Mailing Caption></mark>
c/o Kroll Settlement Administration LLC
P.O. Box <mark>XXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

Class Members under the Settlement Agreement will be eligible to receive the following Settlement Benefits:

❖ **Reimbursement for Out-of-Pocket Losses:** All Class Members who submit a Valid Claim are eligible to receive reimbursement for documented Out-of-Pocket Losses, if fairly traceable to the Data Incident, **up to $5,000** per individual (Out-of-Pocket Loss Cap), which shall be paid out of the Settlement Fund **upon submission of reasonable documented losses**;

**AND**

❖ *Pro Rata* **Cash Payments:** Class Members may, in addition to making a Claim for reimbursement of Out-of-Pocket Losses, elect to receive a cash payment the amount of which will be determined *pro rata* to exhaust the Settlement Fund following the payment of any a Attorneys' Fees, Costs, and Expenses and/or Service Awards for Plaintiffs, Settlement Administration Costs, Administration Fees, as well as all Valid Claims for Out-of-Pocket Loss reimbursements.

## I. PAYMENT SELECTION

If you would like to elect to receive your Settlement Benefit through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

Questions? Go to <mark>**www.Website.com**</mark> or call toll-free <mark>**(XXX) XXX-XXXX**</mark>.

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

## II. CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

**First Name**  **Last Name**

**Address 1**

**Address 2**

**City**  **State**  **Zip Code**

**Email Address:** _____ @ _____

## III. PROOF OF DATA INCIDENT CLASS MEMBERSHIP

☐ Check this box to certify if you are a Person who received a Notice Letter from ESO and were a resident of Texas at the time ESO distributed the Notice Letter.

Enter the Class Member ID Number provided on your Short Notice:

**Class Member ID: 0 0 0 0 0** ___ ___ ___ ___ ___ ___ ___ ___

## IV. REIMBURSEMENT FOR OUT-OF-POCKET LOSSES

All Class Members who submit a Valid Claim are eligible to receive reimbursement for documented Out-of-Pocket Losses, if fairly traceable to the Data Incident, up to $5,000 per individual (Out-of-Pocket Loss Cap), which shall be paid out of the Settlement Fund upon submission of reasonable documented losses.

- Out-of-Pocket Losses are unreimbursed costs or expenditures incurred by a Class Member in responding to notice of the Data Incident. Out-of-Pocket Losses may include, without limitation, the following:

   (1) costs incurred on or after September 28, 2023, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency;

   (2) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges;

   (3) credit monitoring or other mitigative costs that were incurred on or after September 28, 2023, through the date of the Class Member's Claim submission.

- Class Members who elect to submit a Claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the Claim, including: (1) the Class Member's

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

*00000*          *CF*          *Page 2 of 4*
000000           CF           Doc ID: d47247b1c3...Page 2 of 64...aff86e5416b08fdf743

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

name and current address; (2) documentation supporting their Claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) a verification, stating that the Claim is true and correct to the best of the Class Member's knowledge and belief.

Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation. Out-of-Pocket Losses will be deemed *fairly traceable* to the Data Incident for purposes of this paragraph if the timing of the loss occurred on or after September 28, 2023.

Class Members may submit multiple Claims for Out-of-Pocket Losses and the total of all amounts recovered for Out-of-Pocket Losses is subject to the $5,000 Out-of-Pocket Loss Cap.

**You must have Out-of-Pocket Losses incurred as a result of the Data Incident and submit documentation to obtain this Settlement Benefit.**

☐ I have attached documentation showing that the documented losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Out-of-Pocket Losses | Amount of Out-of-Pocket Losses | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |

Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.

*00000*    *CF*    *Page 3 of 4*
000000    CF    Doc ID: d47247b1c3... Page 3 of 4

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

## V. *PRO RATA* CASH PAYMENT

Class Members may, in addition to making a Claim for reimbursement of Out-of-Pocket Losses, elect to receive a cash payment the amount of which will be determined *pro rata* to exhaust the Settlement Fund following the payment of any a Attorneys' Fees, Costs, and Expenses and/or Service Awards for Plaintiffs, Settlement Administration Costs, Administration Fees, as well as all Valid Claims for Out-of-Pocket Loss reimbursements.

☐ Yes, I choose a *pro rata* cash payment. **You may also submit a Claim for Out-of-Pocket Losses above.**

If a Claimant makes a Claim for documented Out-of-Pocket Losses that is found to be invalid for lack of documentation, but fails to Claim a *pro rata* cash payment, that Claimant shall be deemed to have made a Valid Claim for a *pro rata* cash payment.

## VI. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                                  Date

_____
Print Name

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

*00000*                                      *CF*                          *Page 4 of 4*
000000                                        CF                   Doc ID: d47247b1c31... Page 40 of 64 ...aff86e5416b08fdf743

# EXHIBIT B

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### United States District Court for the Western District of Texas

### *In Re ESO Solutions, Inc. Breach Litigation*
### Case No. 1:23-cv-01557-RP

**A Court has authorized this Long Notice ("Notice"). This is not a solicitation from a lawyer.**

---

**If You Are a Person Who Received A Notice Letter From ESO and Were a Resident of Texas at the Time Defendant Distributed the Notice Letter, You Are Eligible to Receive a Settlement Benefit from a Class Action Settlement**

---

- A Court authorized this Notice, to those that are eligible to receive Settlement Benefits from a proposed class action settlement. The Litigation is titled *In Re ESO Solutions, Inc. Breach Litigation,* Case No. 1:23-cv-01557-RP and is pending in the United States District Court for the Western District of Texas. The people that filed the class action lawsuit are called Plaintiffs or Class Representatives and the company they sued is ESO Solutions, Inc. (ESO or Defendant). Defendant denies any wrongdoing whatsoever.

- **Who is a Class Member?**

    > All Persons who received a Notice Letter from ESO and were residents of Texas at the time ESO distributed the Notice Letter.

    The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

- Class Members under the Settlement Agreement will be eligible to receive the following Settlement Benefits:

    ❖ **Reimbursement for Out-of-Pocket Losses:** All Class Members who submit a Valid Claim are eligible to receive reimbursement for documented Out-of-Pocket Losses, if fairly traceable to the Data Incident, **up to $5,000** per individual (Out-of-Pocket Loss Cap), which shall be paid out of the Settlement Fund **upon submission of reasonable documented losses**;

    **AND**

    ❖ *Pro Rata* **Cash Payments:** Class Members may, in addition to making a Claim for reimbursement of Out-of-Pocket Losses, elect to receive a cash payment the amount of which will be determined *pro rata* to exhaust the Settlement Fund following the payment of any a Attorneys' Fees, Costs, and Expenses and/or Service Awards for Plaintiffs, Settlement Administration Costs, Administration Fees, as well as all Valid Claims for Out-of-Pocket Loss reimbursements.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

39713082.1:11713-0008

- 1 -

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

- To obtain more information visit **www.website.com** or call **(XXX) XXX-XXXX**.

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

|  | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Settlement Benefit from the settlement. | Submitted or postmarked on or before **<<Claims Deadline>>**. |
| **Exclude Yourself by Opting Out of the Settlement Class** | Receive no benefit from the settlement. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant relating to the Data Incident. | Mailed and postmarked on or before **<<Opt-Out Date>>**. |
| **Object to the Settlement and/or Attend the Final Fairness Hearing** | You can write the Court about why you agree or disagree with the settlement or the Attorneys' Fees, Costs, and Expenses and/or Service Awards for Plaintiffs. The Court cannot order a different settlement. You can also ask to speak at the Final Fairness Hearing on **<<Final Fairness Hearing date>> at [TIME] CT,** about the fairness of the settlement, with or without your own attorney. | Mailed and postmarked on or before **<<Objection Date>>**. |
| **Do Nothing** | You will not receive any Settlement Benefit from this class action settlement, but will remain a Class Member and be bound by the releases. | N/A |

- Your rights and options as a Class Member **– and the deadlines to exercise your rights –** are explained in this Notice.

- The Court still will have to decide whether to approve the settlement. Settlement Benefits will be made available only if the Court approves the settlement and after any possible appeals are resolved.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

- 2 -

39713082.1:11713-0008

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

| What This Notice Contains |
|---|

**Basic Information**.................................................................................................................. 4

**Who is in the Settlement** ...................................................................................................... 4

**The Settlement Benefits—What You Get if You Qualify**................................................. 5

**How Do You Submit a Claim** ................................................................................................ 6

**Excluding Yourself from the Settlement**............................................................................ 7

**Objecting to the Settlement** ................................................................................................. 8

**The Lawyers Representing You**............................................................................................ 9

**The Court's Final Fairness Hearing** ................................................................................... 9

**If You Do Nothing** ............................................................................................................... 10

**Additional Information**....................................................................................................... 10

Questions? Go to www.website.com or call (XXX) XXX-XXXX

- 3 -

39713082.1:11713-0008

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

## BASIC INFORMATION

### 1.    Why is there a Notice?

The Court authorized this Notice because you have a right to know about the settlement, and all of your options, before the Court decides whether to give final approval to the settlement. This Notice explains the nature of the Litigation that is the subject of the settlement, the general terms of the settlement, and your legal rights and options.

The Judge Robert Pitman of the United States District Court for the Western District of Texas is overseeing this case captioned as *In Re ESO Solutions, Inc. Breach Litigation,* Case No. 1:23-cv-01557-RP. The people who brought the lawsuit are called the Class Representatives. The company being sued, ESO Solutions, Inc., is called ESO or the Defendant.

### 2.    What is the Litigation about?

The Litigation arises from the alleged compromise of Private Information of Plaintiffs and Class Members as a result of the Data Incident. In response to the Data Incident, Defendant sent a Notice Letter informing affected individuals that their Private Information may have been compromised.

Defendant denies any wrongdoing whatsoever. No court or other judicial body has made any judgment or other determination that Defendant has done anything wrong.

### 3.    Why is this a class action?

In a class action, one or more people called "Class Representatives" or "Plaintiffs" sue on behalf of all people who have similar claims. Together, all of these people are called a "Class," and the individuals are called "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4.    Why is there a settlement?

The Court has not decided in favor of the Plaintiff or Defendant. Instead, both sides agreed to the settlement. The settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Class Members. The Class Representatives appointed to represent the Class, and the attorneys for the Class, Class Counsel, think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

### 5.    How do I know if I am part of the settlement?

You are affected by the settlement and potentially a Class Member if you are a Person who received a Notice Letter from ESO and were a resident of Texas at the time ESO distributed the Notice Letter.

The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

39713082.1:11713-0008

- 4 -

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

| 6. | What if I am not sure whether I am included in the settlement? |
|---|---|

If you are not sure whether you are included in the settlement, you may call **(XXX) XXX-XXXX** with  questions. You may also write with questions to:

<Mailing Caption>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

## THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

| 7. | What does the settlement provide? |
|---|---|

The  settlement  provides  the following Settlement Benefits available to Class Members who submit Valid Claims: (a) Reimbursement for Out-of-Pocket Losses; and (b) *Pro Rata* Cash Payments.

| 8. | What Settlement Benefits are available under the settlement? |
|---|---|

Class Members that submit a valid and timely Claim Form may select <u>one or more</u> of the following Settlement Benefits:

a) ***Reimbursement for Out-of-Pocket Losses:*** All Class Members who submit a Valid Claim are eligible to receive reimbursement for documented Out-of-Pocket Losses, if fairly traceable to the Data Incident, up to $5,000 per individual (Out-of-Pocket Loss Cap), which will be paid out of the Settlement Fund.

   • Out-of-Pocket Losses are unreimbursed costs or expenditures incurred by a Class Member in responding to notice of the Data Incident. Out-of-Pocket Losses may include, without limitation, the following:

      (1) costs incurred on or after September 28, 2023, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency;

      (2) other miscellaneous expenses incurred related to any Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges;

      (3) credit monitoring or other mitigative costs that were incurred on or after September 28, 2023, through the date of the Class Member's Claim submission.

   • Class Members who elect to submit a Claim for reimbursement of Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the Claim, including: (1) the Class Member's name and current address; (2) documentation supporting their Claim; (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone; and (4) a verification, stating that the Claim is true and correct to the best of the Class

Questions? Go to www.website.com or call **(XXX) XXX-XXXX**

39713082.1:11713-0008
- 5 -

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Member's knowledge and belief.

- Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Class Member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation. Out-of-Pocket Losses will be deemed *fairly traceable* to the Data Incident for purposes of this paragraph if the timing of the loss occurred on or after September 28, 2023.

- Class Members may submit multiple Claims for Out-of-Pocket Losses and the total of all amounts recovered for Out-of-Pocket Losses is subject to the $5,000 Out-of-Pocket Loss Cap.

**AND**

b) ***Pro Rata Cash Payments:*** Class Members may, in addition to making a Claim for reimbursement of Out-of-Pocket Losses, elect to receive a cash payment the amount of which will be determined *pro rata* to exhaust the Settlement Fund following the payment of any a Attorneys' Fees, Costs, and Expenses and/or Service Awards for Plaintiffs, Settlement Administration Costs, Administration Fees, as well as all Valid Claims for Out-of-Pocket Loss reimbursements

If a Claimant makes a Claim for documented losses that is found to be invalid for lack of documentation, but fails to Claim a *pro rata* cash payment, that Claimant shall be deemed to have made a Valid Claim for a *pro rata* cash payment.

## HOW DO YOU SUBMIT A CLAIM?

| 9. How do I get a Settlement Benefit? |
|---|

To receive a Settlement Benefit, you must complete and submit a Claim Form online at www.website.com or by mail to <Mailing Caption>, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by **<<Claims Deadline>>** or by mail postmarked by **<<Claims Deadline>>**.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

| 10. When will I get my Settlement Benefit? |
|---|

The Court will hold a Final Fairness Hearing on **<<Date>>, at <<Time>>** a.m. CT to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all of the Claim Forms to be processed. Please be patient. Settlement Benefits will begin after the settlement has obtained Court approval and the time for all appeals has expired.

Questions? Go to www.website.com or call (XXX) XXX-XXXX

39713082.1:11713-0008

- 6 -

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

| 11. | What am I giving up as part of the settlement? |
|---|---|

ESO and its affiliates will receive a release from all claims that could have been or that were brought against ESO relating to the Data Incident. Thus, if the Settlement becomes Final and you do not exclude yourself from the Settlement, you will be a Class Member and you will give up your right to sue ESO, and each entity which is controlled by, controlling or under common control with ESO and their respective past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge, in its capacity as such and assigns of each of them as well as covered entities associated with the Data Incident. These releases are described in Section 6 of the Settlement Agreement, which is available at **www.website.com**. If you have any questions, you can talk to the law firms listed in **Question 17** for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the settlement, then you must take steps to exclude yourself from the Class. This is sometimes referred to as "opting out" of the Class.

| 12. | If I exclude myself, can I get a Settlement Benefit from this settlement? |
|---|---|

No. If you exclude yourself, you will not be entitled to receive any benefits from the settlement.

| 13. | If I do not exclude myself, can I sue the Related Entities for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue ESO and any other Related Entities for any claim that could have been or was brought relating to the Data Incident. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

| 14. | How do I exclude myself from the settlement? |
|---|---|

To exclude yourself, send an individually signed and timely submitted written notice of such intent to the Settlement Administrator at the address below. The written notice must clearly manifest the Person's intent to opt-out of the Class. To be effective, written notice must be **postmarked no later than <<Opt-Out Date>>**, to:

<Mailing Caption>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

If you do not opt-out of the Class in the manner above, you will be bound by the terms of the Settlement Agreement and Judgment entered by the Court.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

39713082.1:11713-0008

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

## OBJECTING TO THE SETTLEMENT

| 15.   How do I tell the Court that I do not like the settlement? |
|---|

You can tell the Court that you do not agree with the settlement, and/or Attorneys' Fees, Costs, and Expenses and/or Service Awards for Plaintiffs or some part of it by objecting to the settlement. Objections must be: (1) mailed, to Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, as Class Counsel; and Christopher J. Seusing of Wood Smith Henning & Berman, LLP, as counsel for Defendant; and (2) filed with the Court through the Court's ECF system or submitted to the Clerk of the Court for the U.S. District Court for the Western District of Texas, with a **postmark date no later than the <<Objection Date>>.**

| Class Counsel | Counsel for Defendant | Clerk of the Court |
|---|---|---|
| Gary Klinger<br>**Milberg Coleman Bryson Phillips Grossman, PLLC**<br>800 S. Gay Street, Suite 1100<br>Knoxville, Tennessee 37929 | Christopher J. Seusing<br>**Wood Smith Henning & Berman, LLP**<br>14860 Landmark Blvd, Suite 120<br>Dallas, Texas 75254 | <Court Address> |

The objection must state:

i)     the objector's full name, address, telephone number, and e-mail address (if any);

ii)    the case name and docket number;

iii)   information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's Settlement Notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member);

iv)    a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

v)     the identity of any and all counsel representing the objector in connection with the objection;

vi)    a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and

vii)   the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

| 16.   What is the difference between objecting and asking to be excluded? |
|---|

Objecting is telling the Court that you do not like the settlement or parts of it and why you do not think it should be approved. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to receive any Settlement Benefit from the settlement.

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

39713082.1:11713-0008

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

## THE LAWYERS REPRESENTING YOU

| 17.  Do I have a lawyer in this case? |
| --- |

Yes. The Court appointed Bryan L. Bleichner of Chestnut Cambronne PA, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Bruce W. Steckler of Steckler Wayne & Love, PLLC, as Class Counsel to represent the Class in settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 18.  How will the Class Counsel be paid? |
| --- |

Plaintiffs and Class Counsel shall move for an award of Attorneys' Fees, Costs, and Expenses at or below one-third (33.33%) of the Settlement Fund, or approximately $252,475.00, plus the reasonable litigation expenses actually incurred. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement and will be the only payment to them for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis.

Subject to Court approval, Plaintiffs intend to request Service Awards in the amount of $2,500 for each of the Plaintiffs as a result of Plaintiffs' time and efforts expended on behalf of the Class.

Any Attorneys' Fees, Costs, and Expenses and/or Service Awards payments must be approved by the Court. The Court may award less than the amounts requested.

## THE COURT'S FINAL FAIRNESS HEARING

| 19.  When and where will the Court decide whether to approve the settlement? |
| --- |

The Court will hold a Final Fairness Hearing on <<Date>> at <<Time>> CT, at the <<Court Address>>, Room ___ as ordered by the Court. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the Attorneys' Fees, Costs, and Expenses and/or Service Awards payments. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website www.website.com, or calling (XXX) XXX-XXXX.

| 20.  Do I have to attend the hearing? |
| --- |

No. Class Counsel will present the Class to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in **Question 15**, the Court will consider it.

Questions? Go to www.website.com or call (XXX) XXX-XXXX

39713082.1:11713-0008

- 9 -

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

| 21.  May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must file an objection according to the instructions in **Question 15**, including all the information required. Your objection must be: (1) **mailed** to Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, as Class Counsel; and Christopher J. Seusing of Wood Smith Henning & Berman, LLP, as counsel for Defendant; and (2) **filed** with the Court through the Court's ECF system or submitted to the Clerk of the Court for the U.S. District Court for the Western District of Texas, at the mailing addresses listed above, with a **postmark date no later than <<Objection Date>>**.

## IF YOU DO NOTHING

| 22.  What happens if I do nothing? |
|---|

If you do nothing, you will not receive any Settlement Benefits from this settlement. If the settlement is granted final approval and becomes Final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against ESO or the other Related Entities based on any claim that could have been or that was brought relating to the Data Incident.

## ADDITIONAL INFORMATION

| 23.  How do I get more information? |
|---|

This Notice summarizes the settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.website.com**. You may also call the Settlement Administrator with questions or to receive a Claim Form at **(XXX) XXX-XXXX**.

| 24.  What if my contact information changes or I no longer live at my address? |
|---|

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, calling toll-free **(XXX) XXX-XXXX** or at the Contact page of the Settlement Website:

<Mailing Caption>
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

39713082.1:11713-0008

- 10

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

# EXHIBIT C

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| IN RE ESO SOLUTIONS, INC. BREACH LITIGATION, | Master File No. 1:23-cv-01557-RP |
| This Document Relates To: All Parties | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before this Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiff Robert Day ("Plaintiff") and Defendant ESO Solutions, Inc ("Defendant"). After reviewing Plaintiff's unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiff Robert Day as the Class Representative, the appointment of Class Counsel for Plaintiff and the Class, the approval of Kroll Settlement Administration LLC ("Kroll" or "KSA") as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

---

[1] All capitalized terms in this preliminary order shall have the same meanings as set forth in the Settlement Agreement

1

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

2.      The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

**All persons residing in the United States whose Private Information was compromised during the Data Breach that is the subject of the Notice Letter published by Defendant in December 2023, including all those who received the Notice Letter (the "Class")**

3.      Based on the information provided: the Class is ascertainable; it consists of roughly 2,700,000 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Security Incident, satisfying commonality; the proposed Class Representative's claims are typical in that they are a member of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representative and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4.      The Court appoints Plaintiff Robert Day as the Class Representative.

5.      The Court appoints Bryan L. Bleichner of Chestnut Cambronne PA, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Bruce W. Steckler of Steckler Wayne & Love, PLLC as Class Counsel for the Class.

6.      The Court appoints Kroll Settlement Administration LLC as the Settlement Administrator.

2

7.      A Final Approval Hearing shall be held before the Court on ____, 2025 at ____ for the following purposes:

   a.  To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court

   b.  To determine whether to grant Final Approval, as defined in the Settlement Agreement, including conditionally certifying the proposed Class for settlement purposes only;

   c.  To determine whether the notice plan conducted was appropriate;

   d.  To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

   e.  To determine whether the requested Class Representative Service Award of $2,500 to the Class Representative and Class Counsel's combined attorneys' fees of up to one third of the Settlement Fund ($255,808.00) and reasonable litigation expenses not to exceed $ ____ should be approved by the Court;

   f.  To determine whether the settlement benefits are fair, reasonable, and adequate; and

   g.  To rule upon such other matters that the Court may deem appropriate.

8.      The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best

3

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9.      The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

## SETTLEMENT TIMELINE

| From Order Granting Preliminary Approval | |
|---|---|
| Defendant provides list of Settlement Class Members to the Settlement Administrator | +14 |
| Defendant makes initial payment into Settlement Fund for Notice | +14 |
| Settlement Website Active | +21 days |
| Notice Date | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection & Opt-Out Deadline | +90 days |
| Settlement Administrator Provides List of Objections/Exclusions to the Parties' Counsel | +100 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | _____, 2026 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +60 days, assuming no appeal has been taken. |
| Defendant deposits the remaining payment into the Settlement Fund | +60 days after the Effective Date |
| Payment of Attorneys' Fees and Class Representative Service Award | +60 days after the Effective Date |
| Settlement Website Deactivation | +90 days |

10.      In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and

4

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11.    Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement) to Kroll Settlement Administration LLC. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll Settlement Administration LLC, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12.    Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all the following:

    (i)    The objector's full name, address, telephone number, and email address (if any);

    (ii)    Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident);

    (iii)    A written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

    (iv)    The identity of any and all counsel representing the objector

    (v)    The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

    (vi)    A list of all Persons who will be called to testify at the Final Approval Hearing in support of the objection;

5

(vii)    A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and,

(viii)    The objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13.    All Settlement Class Members shall be bound by all determinations and judgements in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Defendant in this Action

14.    Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Release Claims against Defendant.

15.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

**IT IS SO ORDERED** this ____ day of _____, 2025

6

_____
JUDGE ROBERT PITTMAN
UNITED STATES DISTRICT COURT
JUDGE FOR THE UNITED STATES
DISTRICT COURT FOR THE WESTERN
DISTRICT OF TEXAS

7

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

# EXHIBIT D

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

<Mailing 39713118.1:11713-0008
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

ELECTRONIC SERVICE REQUESTED

### COURT APPROVED LEGAL NOTICE

*In Re ESO Solutions, Inc. Breach Litigation*

Case No. 1:23-cv-01557-RP

*A federal Court has authorized this Short Notice ("Notice"). This is not a solicitation from a lawyer.*

**To all Persons who received a Notice Letter from ESO and were residents of Texas at the time ESO distributed the Notice Letter, a proposed class action settlement may affect your rights**

For more information on the proposed settlement, including how to submit a Claim, exclude yourself, or submit an objection, please visit or call:

www.website.com
(XXX) XXX-XXXX

<<Refnum Barcode>>

**CLASS MEMBER ID**: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Company>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

**A proposed settlement has been reached in a class action lawsuit known as** *In Re ESO Solutions, Inc. Breach Litigation*, **in the United States District Court for the Western District of Texas, Case No. 1:23-cv-01557-RP**

**Why am I receiving this Notice?** You are receiving this Notice because the records of ESO Solutions, Inc. (ESO or Defendant) show the potential compromise of Private Information of Plaintiffs and Class Members as a result of the Data Incident. In response to the Data Incident, Defendant sent a Notice Letter informing affected individuals that their Private Information may have been compromised. You are therefore likely a Class Member eligible to receive Settlement Benefits under this settlement.

**Who is a Class Member?** You are affected by the settlement and potentially a Class Member if you are a Person who received a Notice Letter from ESO and were a resident of Texas at the time ESO distributed the Notice Letter.

**What are the Settlement Benefits? --** The settlement provides the following Settlement Benefits available to Class Members who submit Valid Claims: (a) Reimbursement for Out-of-Pocket Losses; and (b) *Pro Rata* Cash Payments. Please visit www.website.com for a full description of the Settlement Benefits and documentation requirements.

**How do I submit a Claim Form for Settlement Benefits?** You must submit a Claim Form online at **www.website.com** or use the attached Claim Form to be eligible to receive a Settlement Benefit. Your completed Claim Form must be submitted online or mailed to the Settlement Administrator at <Mailing Caption>, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX and **postmarked by DATE.** TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM.

**What are my other options?** If you **Do Nothing**, you will be legally bound by the terms of the settlement, and you will release your claims against Defendants and other Related Entities as defined in the Settlement Agreement. You may **Opt-Out** of or file an **Objection** to the settlement by **DATE**. Please visit **www.website.com** for more information on how to opt-out of or object to the settlement.

**Do I have a lawyer in this case?** Yes, the Court appointed Bryan L. Bleichner of Chestnut Cambronne PA, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Bruce W. Steckler of Steckler Wayne & Love, PLLC to represent you and other Class Members. You will not be charged directly for these lawyers; instead they will receive compensation from the Settlement Fund (subject to Court approval). If you want to be represented by your own lawyer, you may hire one at your own expense.

**The Court's Final Fairness Hearing.** The Court is scheduled to hold a Final Fairness Hearing on **DATE at TIME** CT, to consider whether to approve the settlement, Class Counsel's request for Attorneys' Fees, Costs, and Expenses at or below one-third (33.33%) of the Settlement Fund, or approximately $252,475.00, plus the reasonable litigation expenses actually incurred, and Service Awards of $2,500 to each of the Plaintiffs. You may appear at the hearing, either yourself or **through an attorney hired by you, but you don't have to.**

**This Notice is only a summary.** For more information or to change your address, visit **www.website.com** or call toll-free (XXX) XXX-XXXX.

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Postage
Required

BRM

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

39713118.1:11713-0008

## Class Member ID: 39713118.1:11713-0008

VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE

### POSTCARD CLAIM FORM

To submit a Claim for *Pro Rata* Cash Payment, please complete the below form, sign, and mail this portion of the postcard to the Settlement Administrator by no later than DATE. *Note:* Claims for reimbursement of Out-of-Pocket Losses require supporting documentation and therefore must be submitted online www.website.com or mailed to the Settlement Administrator with a separate Claim Form. To receive a *Pro Rata* Cash Payment from this settlement via electronic payment, you must submit a Claim Form electronically at www.website.com by DATE.

Class Member ID: <<refnum>>

<<firstname>>  <<mi>> <<lastname>>
<<address1>>  <<address2>>
<<City>>, <<State>> <<Zip>>

If different address from the preprinted data on the left, please print your correct information:

First Name _____     Last Name _____

Address _____

City _____     State _____   ZipCode _____

( _____ ) _____ - _____          _____ @ _____

**Telephone Number**                    **Email Address**

### *Pro Rata* Cash Payment

[ ]  Yes, I would like to receive a cash payment the amount of which will be determined *pro rata* to exhaust the Settlement Fund following the payment of any a Attorneys' Fees, Costs, and Expenses and/or Service Awards for Plaintiffs, Settlement Administration Costs, Administration Fees, as well as all Valid Claims for Out-of-Pocket Loss reimbursements.

### SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury that the information supplied in this Claim Form is true and correct. I authorize the Settlement Administrator to contact me, using the contact information set forth above, to obtain any necessary supplemental information

Doc ID: d47247b1c31f78de78966aff86e5416b08fdf743

Signature: _____     Print Name: _____     Dated: ____ / ____ / ____