UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE ESO SOLUTIONS, INC. BREACH LITIGATION,<br><br>This Document Relates To: All Parties | Master File No. 1:23-cv-01557-RP |

### AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before this Court is Plaintiff's Amended Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"), (Dkt. 59). The Court has reviewed the Motion and Settlement Agreement between Plaintiff Robert Day ("Plaintiff") and Defendant ESO Solutions, Inc ("Defendant"). After reviewing Plaintiff's amended unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.     The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiff Robert Day as the Class Representative, the appointment of Class Counsel for Plaintiff and the Class, the approval of Kroll Settlement Administration LLC ("Kroll" or "KSA") as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

---

[1] All capitalized terms in this preliminary order shall have the same meanings as set forth in the Settlement Agreement

1

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

> **All Persons who received a Notice Letter from ESO and were residents of Texas at the time ESO distributed the Notice Letter to individuals (the "Class")**

3. Based on the information provided: the Class is ascertainable; it consists of roughly 49,472 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Security Incident, satisfying commonality; the proposed Class Representative's claims are typical in that they are a member of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representative and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court appoints Plaintiff Robert Day as the Class Representative.

5. The Court appoints Bryan L. Bleichner of Chestnut Cambronne PA, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, John A. Yanchunis of Morgan & Morgan Complex Litigation Group, and Bruce W. Steckler of Steckler Wayne & Love, PLLC as Class Counsel for the Class.

6. The Court appoints Kroll Settlement Administration LLC as the Settlement Administrator.

7. A Final Approval Hearing shall be held before the Court on **April 16, 2026** at **9:00 AM** for the following purposes:

   a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court

   b. To determine whether to grant Final Approval, as defined in the Settlement Agreement, including conditionally certifying the proposed Class for settlement purposes only;

   c. To determine whether the notice plan conducted was appropriate;

   d. To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

   e. To determine whether the requested Class Representative Service Award of $2,500 to the Class Representative and Class Counsel's combined attorneys' fees of up to one third of the Settlement Fund ($255,808.00) and reasonable litigation expenses should be approved by the Court;

   f. To determine whether the settlement benefits are fair, reasonable, and adequate; and

   g. To rule upon such other matters that the Court may deem appropriate.

8. The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best

notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

## SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
|---|---|
| Defendant provides list of Settlement Class Members to the Settlement Administrator | November 26, 2025 |
| Defendant makes initial payment into Settlement Fund for Notice | November 26, 2025 |
| Settlement Website Active | December 3, 2025 |
| Notice Date | December 12, 2025 |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | January 27, 2026 |
| Objection & Opt-Out Deadline | February 10, 2026 |
| Settlement Administrator Provides List of Objections/Exclusions to the Parties' Counsel | February 20, 2026 |
| Claims Deadline | March 12, 2026 |
| | |
| **Final Approval Hearing** | **April 16, 2026** |
| Motion for Final Approval | April 2, 2026 |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +60 days, assuming no appeal has been taken. |
| Defendant deposits the remaining payment into the Settlement Fund | +60 days after the Effective Date |
| Payment of Attorneys' Fees and Class Representative Service Award | +60 days after the Effective Date |
| Settlement Website Deactivation | +90 days |

10. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and

deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

11. Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement) to Kroll Settlement Administration LLC. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Kroll Settlement Administration LLC, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12. Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all the following:

- (i) The objector's full name, address, telephone number, and email address (if any);
- (ii) Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident);
- (iii) A written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;
- (iv) The identity of any and all counsel representing the objector
- (v) The identity of all counsel representing the objector who will appear at the Final Approval Hearing;
- (vi) A list of all Persons who will be called to testify at the Final Approval Hearing in support of the objection;

 (vii) A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and,

 (viii) The objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative, along with documentation setting forth such representation.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

 13. All Settlement Class Members shall be bound by all determinations and judgements in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Defendant in this Action

 14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Release Claims against Defendant.

15.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

**SIGNED** on November 24, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE