# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| IN RE ESO SOLUTIONS, INC. BREACH LITIGATION | Case No. 1:23-cv-01557-RP |

**DECLARATION OF GARY KLINGER IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Gary Klinger, hereby state that the following is true and accurate and based on my personal knowledge:

1. I am counsel of record for Plaintiff and the Settlement Class in the above-captioned case. This declaration supports Plaintiff's Motion for Final Approval of Class Action Settlement. I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2. This case was initiated over two years ago. As part of their work on this matter Class Counsel conducted an extensive pre-suit investigation, filed a consolidated class action complaint, coordinated a leadership structure, fully briefed a complex and extensive opposition to Defendant's Motion to Dismiss, partially defeated the Motion to Dismiss, engaged in informal discovery, participated in extensive arms-length settlement negotiations, drafted the Settlement Agreement and related documentation, drafted and researched preliminary approval documents, oversaw the Notice Program with substantial interaction with the Settlement Administrator, and

oversaw the Claims Administration, among other daily tasks. The $757,500 non-reversionary common fund Settlement was reached only after a full-day mediation before the Honorable David E. Jones (ret.)—a highly respected data breach class action mediator. The $757,500 non-reversionary common fund will resolve claims arising from the September 2023 Security Incident that impacted approximately 49,472 Texas residents. These facts strongly support that there was no collusion within the settlement process.

**THE SETTLEMENT IS A SUBSTANTIAL RECOVERY FOR THE CLASS**

3. A $757,500 non-reversionary common fund for roughly 49,472 individuals is a substantial recovery for the Class. Class Counsel's opinion that this $757,500 Settlement is fair and reasonable for the approximately 49,472 Class Members (approximately $15.31 per member) is informed by their experience in other data breach class action settlements, and is informed in part by the per class member recovery amount. For example, the following chart identified the per class member value based on the common fund settlement amount for certain recent cases that also involved sensitive private information such as Social Security Numbers:

| Case | Settlement Amount | Class Size | Average Value Per Class Member |
|---|---|---|---|
| *Marshall v. Lamoille Health Partners*, No. 1:24-cv-00642 (D. Vt.) | $520,000 | 59,831 | $9.03 |
| *In re Stanley Steemer International Data Breach Litigation*, No. 2:23- cv-3932 (S.D. Ohio) | $700,00 | 63,000 | $11.11 |
| *Rodriguez v. Mena Hospital Commission*, No. 2:23-cv-2002 (W.D. Ark.) | $500,000 | 42,000 | $11.90 |
| *Lamie v. Lendingtree, LLC*, No. 3:22-cv-00637 (W.D.N.C.) | $875,000 | 69,142 | $12.66 |
| *Kohn v. Loren Stark Co., Inc.*, No. 4:23-cv-3035 (S.D. Tex.) | $750,000 | 58,065 | $12.92 |

4. Class Counsel and Plaintiff believe that the Settlement in this case is a fair, reasonable, and adequate result for the Settlement Class.

5. Data breach class actions such as this one contain a number of hurdles to recovery, including class certification, and proving liability, causation, and damages. The claims and relief presented complex issues of law and fact. In contrast, the Settlement obtained here provides immediate and direct relief to Class Members now and is within the settlement range for comparable data incident settlements.

**THE CLASS SUPPORTS THE SETTLEMENT**

6. A factor to consider in determining whether a settlement is fair, reasonable, and adequate is the Class's reaction to the settlement. As of April 2, 2026, of the approximately 44,786 Class Members who received direct notice of the Settlement 2,137 Class Members, totaling 4.7% of the Class, timely submitted claims for compensation under the Settlement. In my experience, a 4.7% claims rate in a data breach settlement is a reasonable claims rate. Class Counsel have represented plaintiffs in many other data breach class action settlements and understand that data breach class actions historically achieve claims rates between 1-3%. In addition to the roughly 4.7% claims rate, no Class Member objected to the Settlement and only three Class Members requested to opt out of the Settlement. The excellent claims rate and lack of objections to the Settlement are strong indicators that the Class overwhelming supports the Settlement.

7. The roughly 4.7% claims rate is an indication that the notice program executed in this case was successful. In addition to the direct notice that was issued to Class Members, Kroll, the Settlement Administrator, posted the claim form, settlement agreement, long form notice, preliminary approval order, and the motion for attorneys' fees, expenses, and service award on the

Settlement Website. Class Counsel worked closely with the Settlement Administrator to develop and implement the notice program preliminarily approved by the Court in November 2025.

**CLASS COUNSELS' FEES AND EXPENSES**

8. Under the Settlement Agreement, Class Counsel may seek up to 1/3 of the Settlement Fund ($252,475.00) as attorneys' fees plus reasonable expenses. In Class Counsels' Joint Declaration in Support of Plaintiff's Motion for Attorneys' Fees, Expenses, and Service Award, Class Counsel listed expenses of $6,800.64.

**THE CLASS REPRESENTATIVE ACTIVELY PARTICIPATED IN LITIGATION**

9. Plaintiff Robert Day was an active participant in this case, stayed informed about this litigation, reviewed and approved the settlement demand and final settlement amount and Settlement Agreement, and spent substantial time and effort protecting the Class's interests. Accordingly, the requested $2,500.00 Service Award to the Class Representative is reasonable given his efforts on behalf of the Class in this matter. Furthermore, the Class Representative Service Award here is less than what has been finally approved in other common fund data breach class action settlements. *See Lutz v. Electromed, Inc.*, No. 0:21-cv-02198, 2023 WL 4362813, at *1 (D. Minn. July 6, 2023) (granting final approval of a class representative service award of $9,900 in a data breach class action); *Migliaccio v. Parker Hannifin, Corp.*, No. 1:22-cv-835-DAP (N.D. Ohio Aug. 2, 2023; Doc. 42) ($3,500 service awards); *Tucker v. Marietta Area Health Care Inc.*, No. 1:11-cv184-SDM (S.D. Ohio Dec. 8, 2023; Doc. 38, ¶ 7) ($5,000 service awards); *Phelps v. Toyotetsu N. Am.*, No. 6:22-cv-106 (E.D. Ky. Oct. 25, 2023; Doc. 47) ($5,00 service award); *Philips, et. al. v. Bay Bridge Admin., LLC*, No. 1:23-CV-00022 (W.D.TX Jul. 30, 2024; Doc 53) ($3,000 service award).

10. Plaintiff stayed informed about the status of this case and of settlement negotiations and remained engaged as a Class Representative during the pendency of this matter. He has no conflicts with the Class he seeks to represent. The Class Representative agreed to the terms of the Settlement and continues his support of it.

**THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE**

11. Class Counsel believe the Settlement is fair, reasonable, and adequate. There are no undisclosed agreements made in connection with this settlement.

12. Furthermore, in my years of experience representing individuals in complex class actions (including data breach class actions), I can confirm that the $757,500 non-reversionary common fund is a fair, reasonable, and adequate result for approximately 49,472 Class Members, a fact which is further underscored by the high claims rate, low number of opt outs, and total lack of objections. Accordingly, final approval of class action Settlement is warranted in this case.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this 2nd day of April, 2026, in Chicago, Illinois.

*/s/Gary M. Klinger*
Gary M. Klinger